UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BUCKOVETZ,<br><br>                       Plaintiff,<br>v.<br><br>DEPARTMENT OF THE NAVY,<br><br>                      Defendants. | Case No.: 18cv2736-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss filed by Defendant Department of the Navy. (ECF No. 9).

**I.    PROCEDURAL BACKGROUND**

    On December 5, 2018, Plaintiff Dennis Buckovetz filed a Complaint against Defendant Department of the Navy for violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B). (ECF No. 1). Plaintiff alleges that Defendant closed a 2018 records request made by Plaintiff because the request was duplicative of a 2015 request made by Plaintiff, in accordance with Secretary of the Navy Instruction (SECNAVINST) 5720.42F. Plaintiff alleges that the response to the 2015 records request

was incomplete, "[s]o the 2018 request was done to allow for a comparison with the email records provided in 2015." *Id.* at 3.

On May 6, 2019, the Court issued an Order notifying Plaintiff that the action would be dismissed "unless, on or before May 28, 2019, Plaintiff files either (1) proof that service of the summons and complaint was timely effectuated in compliance with to Rule 4(i), or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon the Defendant accompanied by a motion for leave to serve process outside of the 90-day period." (ECF No. 7 at 3).

On May 15, 2019, Plaintiff filed a proof of service document. (ECF No. 8).

On June 17, 2019, Defendant filed the Motion to Dismiss on the grounds that Plaintiff failed to administratively exhaust the claims regarding Plaintiff's 2015 FOIA request, and on the grounds that the claims regarding Plaintiff's 2018 FOIA request and the SECNAVINST 5720.42F policy to close duplicative FOIA requests are moot because Defendant has now released documents in response to Plaintiff's 2018 FOIA request. (ECF No. 9).

On July 5, 2019, Plaintiff filed a response in opposition to the Motion to Dismiss. (ECF No. 10).

On July 15, 2019, Defendant filed a reply in support of the Motion to Dismiss, stating that "Defendant withdraws its administrative exhaustion argument, and agrees that Plaintiff exhausted administrative remedies with respect to his earlier, identical 2015 FOIA request," and that "Defendant does not oppose litigation moving forward as to those claims." (ECF No. 11 at 2). Defendant stated that "Defendant now moves to only partially dismiss Plaintiff's complaint" on mootness grounds. *Id.*

**II. DISCUSSION**

Defendant contends that Plaintiff's claims based on the 2018 FOIA request and administrative closure of duplicative FOIA requests pursuant to SECNAVINST 5720.42F

are moot because Defendant released all documents responsive to Plaintiff's 2018 FOIA request on June 14, 2019. Defendant contends that Plaintiff cannot receive relief related to SECNAVINST 5720.42F because Defendant "is not relying on" the policy and any ruling on SECNAVINST 5720.42F would not affect the matter before the Court. (ECF No. 11 at 3). Plaintiff contends that his claims are not moot because Defendant has not released all responsive documents.

"In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court lacks the ability to grant effective relief, and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quotation omitted). However, "the mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the 'allegedly wrongful behavior could not reasonably be expected to recur.' . . . The party alleging mootness bears a 'heavy burden' in seeking dismissal. . . . It must show that it is 'absolutely clear' that the allegedly wrongful behavior will not recur if the lawsuit is dismissed." *Id.* (quoting F*riends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000)). "Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("Generally, FOIA cases should be handled on motions for summary judgment . . . .") (quoting *Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 369 (11th Cir. 1993)).

The Court of Appeals has addressed Article III standing and mootness in the context of FOIA as follows:

> [T]he Article III requirements for a *specific* FOIA request claim and a *pattern or practice* claim differ from each other. We have recognized two separate claims that complainants can bring against an agency under FOIA. The first is a suit where a plaintiff attacks a specific agency action for (1) "improperly" (2) "withheld" (3) "agency records." *Kissinger v. Reporters Comm. for*

3

> *Freedom of the Press*, 445 U.S. 136, 150 (1980). For specific FOIA request claims, after the agency produces all non-exempt documents and the court confirms the agency's proper invocation of an exemption, the specific FOIA claim is moot because the injury has been remedied. *See, e.g.*, *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[I]f we are convinced that appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA."); *see also Papa v. United States*, 281 F.3d 1004, 1013 & n. 42 (9th Cir. 2002). . . .
> [W]here a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief, regardless of whether his specific FOIA requests have been mooted, the plaintiff has shown injury in fact if he demonstrates the three following prongs: (1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice. . . . In other words, a pattern or practice claim is not necessarily mooted by an agency's production of documents.

*Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1102–03 (9th Cir. 2016).

In this case, Defendant seeks to dismiss Plaintiff's claims as moot because Defendant provided documents responsive to Plaintiff's 2018 FOIA request without relying on SECNAVINST 5720.42F. The Court determines that Defendant "alleg[es] mootness" based on Defendant's voluntary conduct and "bears a 'heavy burden' in seeking dismissal" to "show that it is 'absolutely clear' that the allegedly wrongful behavior will not recur if the lawsuit is dismissed." *See Rosemere*, 581 F.3d at 1173 (quoting *Laidlaw*, 528 U.S. at 189).

Plaintiff seeks relief including an order requiring "the Navy to disclose the records requested . . . in their entireties and make copies available to me." (ECF No. 1 ¶ 16). Defendant provides the declaration of Cinthia Christopher, the FOIA coordinator for the Marine Corps Recruit Depot (MRCD) in San Diego. Christopher states in the declaration:

> On October 19, 2018, MCRD received FOIA request DON-USMC-2019-000608 from an individual with the same address as Plaintiff, requesting the same information as Plaintiff's 2015 and 2018 FOIA requests. While searching for documents responsive to that individual's request, MCRD found

> an additional 106 pages of previously unidentified documents. MCRD provided those documents to the requester, and on June 14, 2019, also provided those additional documents to Plaintiff.

(Christopher Decl. ¶ 9, ECF No. 9-2). Plaintiff maintains that certain documents were improperly excluded from the documents released in response to his 2018 FOIA request. The Court finds that the record at this stage in the litigation does not support a finding that Plaintiff's claims are moot with respect to his 2018 FOIA request. *See Hajro*, 811 F.3d at 1103 ("[W]here a plaintiff attacks a specific agency action . . . after the agency produces all non-exempt documents and the court confirms the agency's proper invocation of an exemption, the specific FOIA claim is moot because the injury has been remedied."); *see also Lane*, 523 F.3d at 1134 ("Generally, FOIA cases should be handled on motions for summary judgment . . . .").

In addition, Plaintiff seeks relief including a declaration that "the Navy's duplicate request policy as stated in SECNAVINST 5720.42F [is] unlawful" and an order requiring "the Navy to cease complying with the provisions of SECNAVINST 5720.42F that authorize the administrative closure of duplicate requests." (ECF No. 1 ¶¶ 14–15). Plaintiff alleges that "duplicate requests have been identified and reported in the Navy's annual FOIA report to the DOJ since 1999." (ECF No. 1 ¶ 12). The Court finds that the record at this stage in the litigation does not support a finding that Plaintiff's claims are moot with respect to with respect to SECNAVINST 5720.42F. *See Hajro*, 811 F.3d at 1103 (stating that "where a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief," the claims are not moot if the plaintiff demonstrates "(1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice"); *see also Rosemere*, 581 F.3d at 1173 (noting that a party alleging mootness based on the party's own voluntary actions, carries

a "heavy burden" to "show that it is 'absolutely clear' that the allegedly wrongful behavior will not recur").[1]

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Department of the Navy (ECF No. 9) is DENIED.

Dated: July 31, 2019

Hon. William Q. Hayes
United States District Court

---

[1] The Motion for Leave to File Surreply filed by Plaintiff (ECF No. 12) is denied as moot.