UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DENNIS M. BUCKOVETZ, | Case No.: 18cv2736-MDD-KSC |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| UNITED STATES DEPARTMENT OF THE NAVY, | |
| Defendant. | [ECF No. 22] |

On December 5, 2018, Plaintiff Dennis M. Buckovetz ("Plaintiff"), proceeding *pro se*, commenced the instant action against Defendant United States Department of the Navy ("Defendant") alleging Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). (ECF No. 1). On December 11, 2019, Plaintiff filed a motion requesting leave to file a First Amended Complaint. (ECF No. 22). On December 27, 2019, Defendant filed a response in opposition (ECF No. 25), to which Plaintiff replied (ECF No. 28). For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for leave to file a First Amended Complaint.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of pleadings. It

states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, courts may deny leave to amend for several reasons, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and whether the plaintiff has previously filed an amended complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## II. DISCUSSION

Plaintiff seeks to amend the "requested relief" portion of his complaint to "address the adequacy of [Defendant's] search." (ECF No. 22 at 3). Specifically, he seeks to remove his request to order Defendant "to certify . . . that the disclosed email records include all emails that satisfy the search criteria presented in [his] FOIA" and seeks to add his request to order Defendant to "recover or reconstitute any responsive email records that were deleted from the usmc.mil email accounts identified in [his] 2015 and 2018 Requests," to award "attorney fees," and to "issue a written finding if the

circumstances surrounding the withholding of responsive records raise questions about whether agency personnel acted arbitrarily or capriciously." (ECF No. 22-2 at 5). Defendant opposes, contending the amended requests for relief are not permissible in this FOIA action, and therefore, amendment would be futile. (ECF No. 25 at 1).

A. **Futility**

First, Plaintiff requests Defendant "recover or reconstitute any responsive email records that were deleted." (ECF No. 22-2 at 5). Defendant avers that it has no duty under the FOIA to recover deleted documents. (ECF No. 25 at 2-3). In support, Defendant cites a Sixth Circuit case, which found that requiring a "technology expert [to] scan relevant computers and servers for additional information that might have been deleted" is "manifestly not what the [FOIA] intends." (*Id.* (citing *CareToLive v. FDA*, 631 F.3d 336, 344 (6th Cir. 2011)). In *CareToLive,* the Sixth Circuit was addressing the adequacy of the government's search and noted that while "some of our sister circuits have required that agencies attempt to recover electronic files to respond to certain requests . . . the facts of this case do not require such a search." *CareToLive*, 631 F.3d at 343. The Eighth Circuit has explained that "[t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1384 (8th Cir. 1985). The government is not required by the FOIA to account for deleted documents, said the Eighth Circuit, "if it has made a diligent search for those documents in the places in which they might be expected to be found." *Id.* Accordingly, Plaintiff may recover deleted emails if the Court finds Defendant's initial search was inadequate. *See CareToLive*, 631 F.3d at 343; *Miller*, 779 F.2d at 1384. Therefore, his amendment

regarding deleted emails is not necessarily futile.

Second, Plaintiff seeks "attorney's fees." (ECF No. 22-2 at 5). Defendant opposes this amendment because "a pro se litigant may not recover attorney's fees under the FOIA." *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986). In reply, Plaintiff contends "[t]his amendment is sought in the event that [he] engage[s] an attorney to counsel and/or represent [him] in this action." (ECF No. 28 at 3). Amendment is not futile if Plaintiff were to retain counsel. The Court advises Plaintiff that in order to receive attorney's fees he must actually hire an attorney to represent him in the action[1] and not merely counsel him. *See Kay v. Ehrler*, 499 U.S. 432, 437 (1991) (explaining that a rule authorizing an award "of counsel fees to *pro se* litigants . . . would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf").

Third, Plaintiff seeks to amend his complaint to request a "written finding" if the Court finds "agency personnel acted arbitrarily or capriciously." (ECF No. 22-2 at 5). Defendant contends whether the government acted arbitrarily and capriciously is irrelevant to FOIA actions. (*See* ECF No. 25 at 3). However, section 552(a)(4)(F) provides that "[w]henever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously,"

---

[1] In other words, Plaintiff's attorney would need to file a notice of appearance. Further, Plaintiff would only recover attorney's fees for work completed after the filing of the notice of appearance.

4

18cv2736-MDD-KSC

Special Counsel must determine whether further disciplinary action is necessary. 5 U.S.C. § 552(a)(4)(F)(i). Amendment, therefore, is not necessarily futile because the Court may ultimately "order the production of any agency records" in connection with the dispute and "assess against the United States reasonable attorney fees and other litigation costs." *Id*. Pursuant to the FOIA, the Court could then issue "a written finding that the circumstances withholding raise questions [about] whether agency personnel acted arbitrarily or capriciously with respect to the withholding." *Id*.

## B. Remaining *Foman* Factors

Having found that Plaintiff's amendment is not futile, the Court proceeds to the remaining *Foman* factors. First, there is no evidence that the proposed amendment will prejudice Defendant. Second, while Plaintiff purportedly seeks leave to amend his complaint to address claims raised in Defendant's motion to dismiss and answer, which were filed in June and August of 2019, the Court does not find Plaintiff unduly delayed in filing the instant motion. (ECF No. 22 at 2; *see also* ECF Nos. 9, 14). Following Defendant's answer, the parties consented to United States Magistrate Judge Mitchell D. Dembin's jurisdiction for all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings on October 28, 2019. (ECF No. 16). The Court held a telephonic case management conference on November 18, 2019 and set a briefing schedule later that day. (ECF Nos. 17, 19, 20). Given the procedural posture of the case, it does not appear that Plaintiff delayed in filing the instant motion. Further, Plaintiff has not previously amended his complaint. (*See* Docket).

## III. <u>CONCLUSION</u>

Upon thorough review of the relevant documents, and after examining the relevant factors, the Court finds that permitting Plaintiff leave to amend

5

his complaint is appropriate. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file an a First Amended Complaint. The Clerk of Court is instructed to file Plaintiff's First Amended Complaint (ECF No. 22-1) as a separate docket entry.

**IT IS SO ORDERED**.

Dated: January 7, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge